**United States District Court**
For the Northern District of California

1

2

3                    UNITED STATES DISTRICT COURT

4                   NORTHERN DISTRICT OF CALIFORNIA

5

6    IRA PERRY,

7                    Plaintiff,                    No. C 13-3333 EDL (PR)

8        v.                                        **ORDER OF SERVICE**

9    E. TOOTELL, et al.,

10                   Defendants.
                                              /
11

12        Plaintiff, a California prisoner proceeding pro se, has filed a second amended civil

13   rights complaint under 42 U.S.C. § 1983, alleging that prison officials at San Quentin State

14   Prison were deliberately indifferent to his serious medical needs.

15                                **DISCUSSION**

16   **A.    Standard of Review**

17        Federal courts must engage in a preliminary screening of cases in which prisoners

18   seek redress from a governmental entity or officer or employee of a governmental entity.

19   28 U.S.C. § 1915A(a).  In its review the court must identify any cognizable claims, and

20   dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may

21   be granted, or seek monetary relief from a defendant who is immune from such relief.  *Id.* at

22   1915A(b)(1),(2).  Pro se pleadings must be liberally construed.  *Balistreri v. Pacifica Police*

23   *Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

24        Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of

25   the claim showing that the pleader is entitled to relief."  "Specific facts are not necessary;

26   the statement need only '"give the defendant fair notice of what the . . . . claim is and the

27   grounds upon which it rests."'"  *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations

28   omitted).  Although in order to state a claim a complaint "does not need detailed factual

United States District Court

For the Northern District of California

1  allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief'

2  requires more than labels and conclusions, and a formulaic recitation of the elements of a

3  cause of action will not do. . . .   Factual allegations must be enough to raise a right to relief

4  above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)

5  (citations omitted).  A complaint must proffer "enough facts to state a claim to relief that is

6  plausible on its face." *Id.* at 570.  The United States Supreme Court has recently explained

7  the "plausible on its face" standard of *Twombly*: "While legal conclusions can provide the

8  framework of a complaint, they must be supported by factual allegations.  When there are

9  well-pleaded factual allegations, a court should assume their veracity and then determine

10  whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662,

11  679 (2009).

12      To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential

13  elements:  (1) that a right secured by the Constitution or laws of the United States was

14  violated, and (2) that the alleged deprivation was committed by a person acting under the

15  color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).

16  **B.      Legal Claims**

17      Plaintiff alleges that defendants exhibited deliberate indifference to his serious

18  medical needs.  Specifically, plaintiff asserts that he has degenerative ligaments and

19  tendons, and suffers from chronic pain.  Thus, plaintiff claims that he needs a lower bunk

20  chrono.  In April 2012, defendant Dr. Leighton revoked plaintiff's chrono for a lower bunk

21  because plaintiff's medical file was missing.  In September 2012, plaintiff's medical file was

22  found, indicating that plaintiff was indeed mobility impaired.  However, Dr. Leighton still

23  refused to approve plaintiff's lower bunk chrono.  Defendant Dr. Reyes refused to order any

24  necessary tests that would validate plaintiff's need for a lower bunk chrono.  Despite

25  plaintiff's twenty-five formal requests to see Dr. Reyes for various medical ailments,

26  defendant Nurse Delacruz screened out plaintiff's requests.  Dr. Beaty informed plaintiff

27  that, according to orders from defendant Chief Medical Officer E. Tootell, medical staff was

28

1  not permitted to renew chronos or issue any new ones.  Liberally construed, plaintiff has

2  stated a cognizable claim that defendants were deliberately indifferent to his serious

3  medical needs.

**CONCLUSION**

5       1.  The clerk of the court shall mail a Notice of Lawsuit and Request for Waiver of

6  Service of Summons, two copies of the Waiver of Service of Summons, a copy of the

7  second amended complaint and all attachments thereto (docket no. 23), a magistrate judge

8  jurisdiction consent form, and a copy of this order to Chief Medical Officer Elana Tootell, Dr.

9  Doreen Leighton, Dr. Denise C. Albart Reyes, and RN F. Delacruz at San Quentin State

10  Prison.  The clerk of the court shall also mail a courtesy copy of the second amended

11  complaint and a copy of this order to the California Attorney General's Office.  Additionally,

12  the clerk shall mail a copy of this order to plaintiff.

13       2.  Defendants are cautioned that Rule 4 of the Federal Rules of Civil Procedure

14  requires them to cooperate in saving unnecessary costs of service of the summons and

15  complaint.  Pursuant to Rule 4, if defendants, after being notified of this action and asked

16  by the court, on behalf of plaintiff, to waive service of the summons, fail to do so, they will

17  be required to bear the cost of such service unless good cause be shown for their failure to

18  sign and return the waiver form.  If service is waived, defendants will be required to serve

19  and file an answer within sixty (60) days from the date on which the request for waiver was

20  sent to them.  Defendants are asked to read the statement set forth at the bottom of the

21  waiver form that more completely describes the duties of the parties with regard to waiver

22  of service of the summons.  If service is waived after the date provided in the Notice but

23  before defendants have been personally served, the Answer shall be due sixty (60) days

24  from the date on which the request for waiver was sent or twenty (20) days from the date

25  the waiver form is filed, whichever is later.

26       3.  In order to expedite the resolution of this case, the court orders as follows:

27            a.  No later than sixty days from the date the waivers are sent, defendants

28

**United States District Court**
For the Northern District of California

**United States District Court**
For the Northern District of California

1    shall file a motion for summary judgment or other dispositive motion.  The motion shall be

2    supported by adequate factual documentation and shall conform in all respects to Federal

3    Rule of Civil Procedure 56, and shall include as exhibits all records and incident reports

4    stemming from the events at issue.  If defendants are of the opinion that this case cannot

5    be resolved by summary judgment, they shall so inform the court prior to the date their

6    summary judgment motion is due.  All papers filed with the court shall be promptly served

7    on plaintiff.

8           b.   At the time the dispositive motion is served, defendants shall also serve,

9    on a separate paper, the appropriate notice or notices required by *Rand v. Rowland*, 154

10   F.3d 952, 953-954 (9th Cir. 1998) (en banc), and *Wyatt v. Terhune*, 315 F.3d 1108, 1120

11   n.4 (9th Cir. 2003).  *See Woods v. Carey*, 684 F.3d 934, 940-941 (9th Cir. 2012).  At that

12   time, defendants shall also submit the magistrate judge jurisdiction consent form.

13          c.   Plaintiff's opposition to the dispositive motion shall be filed with the court

14   and served upon defendants no later than twenty-eight days from the date the motion was

15   served upon him.

16          d.   Defendants shall file their reply brief no later than fourteen days after the

17   opposition is served upon them.

18          e.   The motion shall be deemed submitted as of the date the reply brief is

19   due.  No hearing will be held on the motion unless the court so orders at a later date.

20       4.   All communications by plaintiff with the court must be served on defendants, or

21   defendants' counsel once counsel has been designated, by mailing a true copy of the

22   document to defendants or defendants' counsel.

23       5.   Discovery may be taken in accordance with the Federal Rules of Civil Procedure.

24   No further court order under Federal Rule of Civil Procedure 30(a)(2) is required before the

25   parties may conduct discovery.

26       6.   It is plaintiff's responsibility to prosecute this case.  Plaintiff must keep the court

27   informed of any change of address by filing a separate paper with the clerk headed "Notice

28

1   of Change of Address." He also must comply with the court's orders in a timely fashion.

2   Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to

3   Federal Rule of Civil Procedure 41(b).

4       **IT IS SO ORDERED.**

5   Dated: July 31 , 2014.

6   _____
    ELIZABETH D. LAPORTE
    United States Chief Magistrate Judge

7

8   G:\PRO-SE\EDL\CR.13\Perry3333.serve.wpd

United States District Court

For the Northern District of California

**United States District Court**
For the Northern District of California

**NOTICE -- WARNING (SUMMARY JUDGMENT)**

If Defendants move for summary judgment, they are seeking to have your case dismissed. A motion for summary judgment under  Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in Defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.

**NOTICE -- WARNING (EXHAUSTION)**

If Defendants file an unenumerated motion to dismiss for failure to exhaust, they are seeking to have your case dismissed.  If the motion is granted it will end your case.

You have the right to present any evidence you may have which tends to show that you did exhaust your administrative remedies.  Such evidence may be in the form of declarations (statements signed under penalty of perjury) or authenticated documents, that is, documents accompanied by a declaration showing where they came from and why they are authentic, or other sworn papers, such as answers to interrogatories or depositions.

If Defendant files a motion to dismiss and it is granted, your case will be dismissed and there will be no trial.