UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

IRA PERRY,

        Plaintiff,

    v.

E. TOOTELL, et al.,

        Defendants.
                                           /

No. C 13-3333 EDL (PR)

**ORDER DENYING REQUEST FOR TEMPORARY RESTRAINING ORDER**

        Plaintiff, a California prisoner proceeding pro se, has filed a second amended civil rights complaint under 42 U.S.C. § 1983, alleging that prison officials at San Quentin State Prison were deliberately indifferent to his serious medical needs. On July 31, 2014, the court ordered service upon named defendants. On August 4, 2014, plaintiff filed a letter requesting that the court issue a temporary restraining order against the defendants because plaintiff was fearful of retaliation.

        Federal Rule of Civil Procedure 65 sets forth the procedure for issuance of a preliminary injunction or temporary restraining order ("TRO"). In general, prior to granting a TRO, notice to the adverse party is required. *See* Fed. R. Civ. P. 65(a)(1). Therefore, a motion for a TRO cannot be decided until the parties to the action are served. *See Zepeda v. INS*, 753 F.2d 719, 727 (9th Cir. 1983). Here, the defendants have not yet been served or waived service.

        A TRO may be granted without written or oral notice to the adverse party or that party's attorney only if: (1) it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss or damage will result to the applicant before the adverse party or the party's attorney can be heard in opposition, and (2) the applicant's attorney certifies in writing the efforts, if any, which have been made to

give notice and the reasons supporting the claim that notice should not be required.  *See* Fed. R. Civ. P. 65(b).  Here, plaintiff's request for a TRO are based out of "fear of possible retaliation."  Plaintiff does not demonstrate that without a TRO, there will be immediate or irreparable injury.  Moreover, there is no indication that plaintiff has either notified the defendants of his request for TRO or submitted the required certification of his efforts to do so and why they have failed. Accordingly, the motion for a TRO must be denied.

**IT IS SO ORDERED.**

Dated: August 25, 2014.



ELIZABETH D. LAPORTE
United States Chief Magistrate Judge

G:\PRO-SE\EDL\CR.13\Perry3333.tro.wpd